IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUNU RENAH WILLIAMS, #A6070389, | ) CIV. NO. 17 00222 SOM RLP ) |
| | ) ORDER DISMISSING FIRST |
| Plaintiff, | ) AMENDED COMPLAINT AND |
| | ) DENYING MOTIONS FOR |
| vs. | ) MANDAMUS ORDER WITH |
| | ) MANDATORY INJUNCTION AND |
| DAVID Y. IGE, TOMMY JOHNSON, JODIE MAESAKA HIRATA, DONALD TRUMP, DOVELINE BORGES, | ) TEMPORARY INTERLOCUTORY ) INJUNCTION ORDER ) ) ) |
| Defendants, | ) |
| _____ | ) |

**ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING MOTIONS FOR MANDAMUS ORDER WITH MANDATORY INJUNCTION AND TEMPORARY INTERLOCUTORY INJUNCTION ORDER**

Before the court are Plaintiff Maunu Renah Williams's First Amended Complaint ("FAC"), ECF No. 11, and two nearly identical Motions "For A Ma[n]damus Order With Mandatory Injunction and Temporary Interlocutory Injunction Order," ECF Nos. 7, 13.[1]

Williams names Hawaii Governor David Y. Ige, Hawaii Department of Public Safety ("DPS") Parole and Pardon

---

[1] To the extent Williams informally sought appointment of counsel in his first Motion, ECF No. 7, and in a separate request, ECF No. 6, these requests were denied on June 13, 2017. *See* Order, ECF No. 14. For the same reasons set forth in that Order, his request for counsel in his second Motion, ECF No. 13, is denied.

Administrator Tommy Johnson, DPS Deputy Director of Corrections Joedie Maesaka Hirata, President Donald J. Trump, and Halawa Correctional Facility ("HCF") Residency Section Administrator Doveline Borges as Defendants. He alleges that Defendants violated his constitutional rights by denying him a pardon, clemency, or transfer to the Hawaii State Hospital. *See* FAC, ECF No. 11.

For the following reasons, Williams's FAC is DISMISSED with leave granted to amend, and his Motions for a Writ of Mandamus are DENIED.

## I. BACKGROUND

Williams is incarcerated at HCF and is proceeding in forma pauperis. He commenced this action on May 17, 2017. *See* Compl., ECF No. 1. He has since filed two amended Complaints, ECF No. 4 (filed May 30, 2017) and ECF No. 11 (filed June 9, 2017), a motion to clarify his original Complaint, ECF No. 8, and a supplement to the amended Complaint of May 30, 2017, ECF No. 9.[2]

---

[2] On June 14, 2017, the court clarified that the FAC of June 9, 2017, is the operative pleading in this action. *See* Order, ECF No. 15.

On June 7 and 8, 2017, Williams filed the Motions for Writ of Mandamus now before the court. ECF Nos. 7, 13.

Williams states that he wrote to each Defendant, as well as to many other federal and state elected officials, requesting a pardon or clemency. *See* FAC, ECF Nos. 11, PageID #73 (listing individuals Williams contacted requesting a pardon); 11 1 (May 8, 2017 letter to Senators Mazie Hirono and Brian Schatz).

In Count I, Williams alleges that Governor Ige and President Trump abused their discretion and violated his constitutional rights (and the Bible) by denying his request for a pardon and for community health treatment. Williams states that Ige's and Trump's "negligence" caused him to be "abused, assaulted in prison by officials and inmates to committ [sic] suicide." FAC, ECf No. 11 5, PageID #84. He provides no facts regarding this alleged abuse or assault.

In Count II, Williams alleges that DPS Deputy Director Maesaka Hirata and HCF Residency Administrator Borges abused their discretion and conspired to violate

3

his constitutional rights, despite knowing of his mental health history and of "assaults and inmates committing suicide," when they denied him a transfer to the Hawaii State Hospital to "prevent [his] potential injury and suicide."  FAC, ECF No. 11 5, PageID #85.  He again asserts "abuse" and says he was "assaulted in prison," but provides no details regarding this alleged abuse or assault.  *Id.*

In Count III, Williams alleges DPS Pardon Administrator Johnson negligently denied him relief, and again asserts that he was "abused and assaulted in prison[]," without supporting facts.  *Id.*, PageID #86.

Williams attaches to the FAC a Psychiatry Progress Note signed by Louise Lettich, M.D., and dated May 12, 2017.  ECF No. 4 4.  Dr. Lettich diagnosed Williams with "Psychotic disorder NOS 298.9 (Primary)," and as "Schizophrenic, Paranoid F20.0."  *Id.*  She noted his feelings of psychiatric instability, and his desire to be transferred to the Hawaii State Hospital for a "respite."  *Id.*  Williams reportedly told her that he had recently witnessed another inmate attempt suicide

4

and had been assaulted by a different inmate in the past. Dr. Lettich did not approve Williams's request for a transfer to the Hawaii State Hospital, but ordered that he "continue chlorpromazine as directed" for his "Psychotic disorder NOS." *Id.*

Williams seeks a writ of mandamus directing Defendants to issue a "Pardon Clemency Executive Order" within 28 days, to transfer him to the Hawaii State Hospital within seventy two hours, and, upon such release, to provide community health treatment at the Hilo Mental Health Intake Office. *See* FAC, ECF No. 11 5, PageID #87; Mot., ECF No. 13.

## II. **SUA SPONTE SCREENING**

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees. *See* 28 U.S.C. §§ 1915(b)(2) and 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a

defendant who is immune from such relief. *Id.* at §§ 1915(b)(2) and 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Pro se prisoners' pleadings must be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

"[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556

U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371 72, 377 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**A. No Right to Clemency or Pardon**

Williams alleges that Defendants violated the Fifth and Fourteenth Amendments by denying him a pardon or clemency. The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property

8

interest is at stake. *Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997). It is well established, however, that an inmate has no constitutional right to commutation of a sentence. *See Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464, 467 (1981) (holding that the power vested in the Connecticut Board of Pardons to commute sentences conferred no rights beyond the right to seek commutation); *Woratzeck v. Stewart*, 118 F.3d 648, 653 (9th Cir. 1997) ("There is no constitutional right to clemency."); *Joubert v. Neb. Bd. of Pardons*, 87 F.3d 966, 968 (8th Cir. 1996) ("It is well established that prisoners have no constitutional or fundamental right to clemency.").

"In terms of the Due Process Clause, a [] felon's expectation that a lawfully imposed sentence will be commuted or that he will be pardoned is no more substantial than an inmate's expectation, for example, that he will not be transferred to another prison; it is simply a unilateral hope." *Dumschat*, 452 U.S. at 465 (footnote omitted). Moreover, "[u]nlike probation,

pardon and commutation decisions have not traditionally been the business of the courts; as such, they are rarely, if ever, appropriate subjects for judicial review." *Id.* at 464. There can be no state created liberty interest in the availability of clemency, or in the manner in which the State conducts clemency proceedings, because the denial of clemency does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 283 (1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The "denial of clemency merely means that the inmate must serve the sentence originally imposed." *Id.* at 283.

To be clear, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011); (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). Nor do Hawaii's parole statutes

create a liberty interest in release prior to completion of a sentence. *See Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992) (determining that Hawaii's parole regime creates no liberty interest in parole); *Rideout v. Haw. Paroling Auth.*, 2014 WL 1571286, at *3 (D. Haw. Apr. 17, 2014) (collecting District of Hawaii cases).

Williams's due process claims regarding Defendants' alleged denial of his requests for clemency or pardon are DISMISSED for failure to state a claim. Amendment to this claim is futile and this dismissal is with prejudice, meaning that the claim may not be reasserted in this case in an amended complaint. The court notes in passing that a President has no authority to issue a commutation or pardon with respect to a state conviction or sentence, and that no governor may issue a commutation or pardon with respect to a federal conviction or sentence.

**B. Transfer to the Hawaii State Hospital**

Williams complains that Defendants Maesaka Hirata and Borges have denied his request for a transfer to

the Hawaii State Hospital.  He attaches a letter from Borges, written on behalf of Maesaka Hirata, explaining that Williams does not qualify for such a transfer because no psychiatrist or court of law has recommended or agreed to such a transfer.  *See* FAC, ECF No. 11 2 (letter dated March 16, 2017).

First, inmates have no constitutional right to be housed at particular facilities or to be transferred to the facility of their choice.  *Olim v. Wakinekona*, 461 U.S. 238, 244 48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 25 (1976) (no liberty interest is implicated in a prison's reclassification and transfer decisions); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). *Cf. Hewitt v. Helms*, 459 U.S. 460, 466 68 (1983) (transfer from general population to administrative segregation does not involve a protected interest); *Lucero v. Russell*, 741 F.2d 1129 (9th Cir. 1984) (transfer to maximum security does not infringe on any protected liberty interest).  As stated in *Dumschat*, such an expectation "is simply a unilateral hope."  452 U.S. at 465

Second, although inmates have an Eighth Amendment right to adequate mental health care, *Doty v. Cty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994), they must show that a defendant acted with "deliberate indifference" to a serious medical need to state a claim for the denial of such care. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). Dr. Lettich declined to approve Williams's request for a transfer to the Hawaii State Hospital on May 12, 2017, only three days before Williams mailed his original Complaint to the court for filing. *See* ECF No. 11 3. On these facts, Williams fails to state a claim that Borges or Maesaka Hirata acted with deliberate indifference to his mental health or safety by denying his request for a transfer to the Hawaii State Hospital. Williams's claims challenging the decision to deny him a transfer are DISMISSED.

**C. Claims of Abuse and Assault**

In each Count against each Defendant, Williams vaguely refers to assaults and abuse, and says other inmates were "committing suicide," and that Defendants

Maesaka Hirata and Borges were aware of these incidents. But he provides no details concerning these vague allegations. He does not state when or where he was assaulted, or by whom (inmates or guards), or explain how any Defendant was personally involved in, knew of, or failed to prevent any alleged abuse or assaults or suicide.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(e). Although Rule 8 does not require a plaintiff to identify the statutory or constitutional source of a claim, he nevertheless must "give 'fair notice' of the claim and its basis." *Sagana v. Tenorio*, 384 F.3d 731, 736 37 (9th Cir. 2004). If the factual elements of a claim are not organized into a short and plain statement, dismissal for failure to satisfy Rule 8 is proper. *See Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 640 (9th Cir. 1988); *McHenry v. Renne*, 84

14

F,3d 1172, 1178 (9th Cir. 1986); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 75 (9th Cir. 1981).

Williams's vague references to assaults and abuse fail to provide detail sufficient to support a plausible inference that Defendants violated his rights under the Eighth Amendment. It is also impossible for Defendants to understand the claims against them. His assault and abuse claims are DISMISSED with leave granted to amend.

### IV. **LEAVE TO AMEND**

The Complaint is DISMISSED with leave granted to amend the Eighth Amendment claims only. Williams may file an amended complaint on or before July 17, 2017 that cures the deficiencies noted above. An amended complaint generally supersedes the previous complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 907, n.1 (9th Cir. 2012) (en banc). Thus, an amended complaint should stand on its own without incorporation or reference to a previous pleading. Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may later be deemed

15

voluntarily dismissed. *Id.* at 928 (stating claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

## V. 28 U.S.C. § 1915(g)

If Williams fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under the "3 strikes" provision of 28 U.S.C. § 1915(g). Under the 3 strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. MOTIONS FOR WRIT OF MANDAMUS

Issuance of a writ of mandamus is considered an "extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988). Because the writ of mandamus is "one of the most potent weapons in the judicial arsenal," a petitioner must satisfy three conditions before a writ may be issued on his behalf: (1) there is no other adequate means to attain the desired relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances. *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 81 (2004).

Williams fails to state a claim to clemency, pardon, or transfer to the Hawaii State Hospital. He cannot, therefore, satisfy any of the three conditions for issuance of a writ. Accordingly, his Motions for Writ of Mandamus are DENIED.

## VII. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and

17

1915A(b). Specifically, the due process claims for clemency, pardon, or transfer to the Hawaii State Hospital are DISMISSED with prejudice. His Eighth Amendment claims, regarding the alleged denial of adequate mental health care (in the form of a denial of a transfer to the Hawaii State Hospital) and of assault and abuse, are DISMISSED with leave to amend.

(2) Williams may file an amended complaint curing the deficiencies noted above on or before July 17, 2017. Failure to cure these deficiencies may result in dismissal of this action, and Plaintiff may incur a strike pursuant to 28 U.S.C. § 1915(g).

(3) The Motions for Writ of Mandamus, ECF Nos. 7 and 13, are DENIED.

(4) To the extent Williams seeks appointment of counsel in his second Motion for Writ of Mandamus, ECF No. 13, his request is DENIED as set forth in the Order Denying Motions For Appointment of Counsel, ECF No. 14.

(5) The Clerk is directed to mail Williams a prisoner civil rights complaint form so that he may comply with the directions in this Order.

(6) In serving this order on Williams, the Clerk is directed to send a copy to him not only at Halawa Correctional Facility, but also at Saguaro Correctional Center, 1252 E. Arica, Eloy, AZ 85131.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i; June 19, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Williams v. Ige*, 1:17-cv-00222 SOM/RLP; Scrn 2017 Williams 17-222 som (dsm FAC, dny Mand)