```
               IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

MAUNU RENAH WILLIAMS,          )  CIV. NO. 17 00222 SOM RLP
#A6070389,                     )
                               )  ORDER DISMISSING SECOND
          Plaintiff,           )  AMENDED COMPLAINT IN PART
                               )
     vs.                       )
                               )
DAVID Y. IGE, et al.,          )
                               )
          Defendants,          )
_____)
```

**<u>ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART</u>**

Before the court is Plaintiff Maunu Renah Williams's Second Amended Complaint ("SAC") and its exhibits, ECF No. 23, and Supplement to the SAC, ECF No. 24. Williams names Hawaii Governor David Y. Ige, President Donald J. Trump, and Halawa Correctional Facility ("HCF") Residency Section Administrator Doveline Borges as Defendants. He again alleges that Defendants violated his constitutional rights by denying him a pardon, clemency, or transfer to the Hawaii State Hospital.

Williams also alleges that an Adult Correctional Officer ("ACO") at HCF, ACO Clark, allowed or encouraged another inmate to assault him in or about November 29, 2016. Williams's SAC is DISMISSED IN PART with leave granted to amend.

## I.   BACKGROUND

Williams claims that he is a fugitive from justice from Oregon, Washington, Texas, California, and New York because of his mental health. He again challenges Governor Ige's and President Trump's alleged denial of his requests for clemency, and Defendant Borges's denial of his request to transfer to the Hawaii State Hospital.

Williams also states that ACO Clark incited another inmate to assault him on November 29, 2016, apparently to have Williams removed from his workline position in the HCF kitchen, because Williams is mentally ill and "non local." See SAC, ECF No. 23, PageID #145, #147, #148; see also Ex. C, ECF No. 23 3.

## II.  SUA SPONTE SCREENING

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees.  See 28 U.S.C. §§ 1915(b)(2) and 1915A(a).  The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at §§ 1915(b)(2) and 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, a plaintiff must demonstrate that each defendant personally participated in the

deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Pro se prisoners' pleadings must be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).  A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief.  *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III.   DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.   Claims Against Governor Ige and President Trump are Dismissed With Prejudice**

As the court carefully explained to Williams in its June 19, 2017 Order Dismissing First Amended Complaint, he has no constitutional right to a pardon, clemency, or commutation of his sentence. *See Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464, 467 (1981) (holding that the power vested in the Connecticut Board of Pardons to commute sentences conferred no rights beyond the right to seek commutation); *Woratzeck v.*

5

*Stewart*, 118 F.3d 648, 653 (9th Cir. 1997) ("There is no constitutional right to clemency.").

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). Hawaii's parole statutes create no liberty interest in release prior to completion of a sentence. *See Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992) (determining that Hawaii's parole regime creates no liberty interest in parole).

Williams's claims against President Trump or Governor Ige for allegedly violating his right to due process by denying his requests for clemency or pardon were dismissed with prejudice on June 19, 2017. *See* Order, ECF No. 18. They remain DISMISSED and Williams may not reallege these claims in any form in this or another action.

**B.   Transfer to the Hawaii State Hospital**

Williams again complains that Defendant Borges denied his request to transfer to the Hawaii State Hospital.  As he was informed in the June 19, 2017 Order Dismissing First Amended Complaint, Williams has no right to a transfer to the Hawaii State Hospital. *See Olim v. Wakinekona*, 461 U.S. 238, 244 48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 25 (1976); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

Further, although inmates have an Eighth Amendment right to adequate mental health care, *Doty v. Cty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994), they must show that a defendant acted with "deliberate indifference" to a serious medical need to state a claim for the denial of such care.  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).  Williams continues to fail to provide facts supporting his claim that Borges acted with deliberate indifference to his need for mental health care.  Williams's claims against Borges, whether he challenges her decision to deny his

7

request to transfer to the Hawaii State Hospital, or alleges that she denied him adequate mental health care, again fails to state a claim. Because Williams was given leave to amend this claim before and is unable to do so, Williams' claims against Defendant Borges are DISMISSED with prejudice.

**C.  Assault**

Although not clear from the SAC, by reviewing Williams's exhibits and reading his pleadings liberally, the court discerns what may be a viable claim that ACO Clark failed to protect him from assault by another inmate. Williams states that he was assaulted when "A.C.O. Clark (date 11/29/16) official misconduct of assisting and given a prison gang member permission to assault and attack me to remove me from inmate kitchen worker trustee position for prejudice and discriminatory reason due to my mental health disability and non local status." *See* Ex. C, ECF No. 23 3. Williams references this assault throughout the SAC and states that he grieved this incident. See SAC, ECF No. 23, PageID #145, #117, #148. He states a claim

here, which shall be served after Williams submits an amended pleading explicitly naming ACO Clark as a Defendant to this action.

### IV. **LEAVE TO AMEND**

The Complaint is DISMISSED with leave granted to amend so that Williams my reallege his claims regarding the events of November 29, 2016, and name ACO Clark as a Defendant. Williams is NOTIFIED that his claims against Governor Ige, President Trump, and Doveline Borges have been DISMISSED WITH PREJUDICE and he may not reallege them in any amended pleading.

Williams SHALL file an amended complaint AS EXPLAINED ABOVE on or before August 14, 2017. An amended complaint generally supersedes the previous complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 907, n.1 (9th Cir. 2012) (en banc). Thus, an amended complaint should stand on its own without incorporation or reference to a previous pleading. Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may later be deemed voluntarily dismissed. *Id.* at 928 (stating that

9

claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

## V.   CONCLUSION

(1)   The Second Amended Complaint is DISMISSED for failure to state a claim against any named Defendant pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2)   Williams may file an amended complaint on or before August 14, 2017.  Williams is given leave to file an amended complaint for the sole purpose of realleging his claims regarding an alleged assault that occurred on or about November 29, 2017, at the instigation of ACO Clark.  Williams should name ACO Clark as a Defendant, and provide any additional details regarding this incident that he deems important.  Failure to timely do so will result in dismissal of this action, and Williams may incur a strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk is directed to mail Williams a prisoner civil rights complaint form so that he may comply with the directions in this Order.

(4) Until Williams submits an amended complaint that complies with the directions of this Order, he may not file any further motions, notices, letters, or supplements, and the court will take no action on such filings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; July 14, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Williams v. Ige*, 1:17-cv-00222 SOM/RLP; Scrn 2017 Williams 17-222 som (dsm SAC)

11